**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EL HAQ MALAK BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-0499-MTS |
| | ) | |
| ST. JOSEPH COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Vacate Order of Dismissal and to Reopen Case, Doc. [22], and Motion for Reconsideration, Doc. [24].  Because Plaintiff is mistaken many times over in his Motions, the Court will deny them.  Plaintiff argues that his Application to Proceed in District Court Without Prepaying Fees or Costs was validly signed by his typed name.  His typed name, as a *pro se* litigant, does not suffice for purposes of Federal Rule of Civil Procedure 11(a).  The Court already explained that to him.  *See* Doc. [12] at 1 (citing *Pack v. City of St. Charles*, 4:25-cv-0911-MTS, 2025 WL 2549230, at *1 (E.D. Mo. Sept. 4, 2025)).

Plaintiff now argues that the Electronic Signatures in Global and National Commerce (E-SIGN) Act and Missouri state law make his typed name valid.  He is incorrect.  The E-SIGN Act "governs e-commerce and does not dictate any rule with respect to electronic signatures in filings in the CM/ECF system in federal court." *Dougherty v. Dupes*, 1:17-cv-1541-JFC, 2018 WL 3869743, at *2 (M.D. Pa. Aug. 15, 2018).  The very text of the statute, were Plaintiff to have read it, explains that the Act

does not apply here.  *See* 15 U.S.C. § 7003(b) ("The provisions of section 7001 of this title shall not apply to- (1) court orders or notices, or official court documents (including briefs, pleadings, and other writings) required to be executed in connection with court proceedings;").  And even *if* Missouri had a state law that purported to apply here, it would, of course, have no effect on the application of the Federal Rules of Civil Procedure in federal court.  *See Hughes v. Mayo Clinic*, 834 F.2d 713, 717 (8th Cir. 1987).

Plaintiff also writes that he submitted "wet-ink signed copies" of his Application. Doc. [22] at 5.  The Court has no record of receiving them.  He provides no copies of email or correspondence with the Clerk demonstrating that he submitted them.  Plaintiff also states that the Court was required to provide him notice and an opportunity for him to correct his unsigned filings prior to striking them.  *Id.* at 6–7.  On this point, his premise is correct.  *See* Fed. R. Civ. P. 11(a).  But the Court *did* provide Plaintiff with notice and an opportunity to correct his unsigned filings.  Doc. [12] (ordering, on April 15, 2026, that Plaintiff submit "physically signed copies of his filings in his true legal name" no later than April 24, 2026).  Plaintiff also states that the Court should not have dismissed his case for his failure to sign the documents.  But the Court dismissed his case, and did so *without* prejudice, because he neither paid the filing fee nor properly moved to proceed without prepayment of the fee.  Doc. [19] ("Since Plaintiff has not prepaid the filing fee and has not filed a signed Application to Proceed in District Court without Prepaying Fees or Costs, the Court will dismiss this action without prejudice.").

- 2 -

Lastly, Plaintiff grumbles that the Clerk of Court improperly classified his action under prisoner civil rights.  Doc. [22] at 8–9.  The Clerk's classification of cases is for statistical purposes.  It had no impact whatsoever on the Court's rulings.  Contrary to Plaintiff's suggestion, the Court did *not* dismiss this action under 42 U.S.C. § 1997e. Rather, as an alternative ground, the Court dismissed Plaintiff's action as frivolous under its inherent authority to do so.  Doc. [19] at 2 (citing *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996) (per curiam)); *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989)).

\* \* \*

None of the points in Plaintiff's Motions are well taken.  His action is frivolous, and the Court will not reopen it.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate Order of Dismissal and to Reopen Case, Doc. [22], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration, Doc. [24], is **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall not accept any further *pro se* filings in this closed matter except for any notice of appeal, should one be filed. Except for any notice of appeal, the Clerk of Court shall return any filings to Plaintiff unfiled.

Dated this 4th day of May 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 3 -